# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| PAUL ANDREW LEITNER-WISE, *Debtor*, | |
| PAUL ANDREW LEITNER-WISE, *Appellant*, v. JUDY A. ROBBINS, *Appellee*. | Civil Action No. 1:17-cv-130 Appeal from United States Bankruptcy Court, Eastern District of Virginia Case No.:16-13784 |

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Appellant-Debtor Paul Andrew Leitner-Wise's Appeal from the Bankruptcy Court for the Eastern District of Virginia. (Dkt. No. 1). Appellant seeks a reversal of the Bankruptcy Court's Order denying Appellant's Motion to Vacate the dismissal of his Chapter 11 voluntary bankruptcy petition. For the reasons set forth below, the Court **AFFIRMS** the decision of the Bankruptcy Court and **DISMISSES** this Appeal.

### I. BACKGROUND

#### A. Factual Background

The following facts are drawn from Appellant's Brief on Appeal. Dkt. No. 5. Appellant is a citizen of the United Kingdom. Appellant is an inventor who has devised numerous patents related to semi-automatic firearms. To market these inventions, Appellant co-founded Leitner-Wise Rifle Co., Ltd. ("LW Ltd.") a United Kingdom-based corporation. LW Ltd. operates a wholly-owned United States Subsidiary, Leitner-Wise Rifle Co., Inc. ("LW Inc."). Appellant

began serving as the president of LW Inc. in 1999 and relocated to the United States for that purpose. After arriving in the United States, Appellant sought permanent residency status for him and his family.

In 2004, Koniag, Inc. purchased a majority shareholder stake in LW Inc. at which time LW Inc. was valued at $11 million dollars. After Koniag, Inc. became majority shareholder, LW Inc. was awarded a $20 million contract to supply the United States Coast Guard with its products. In 2006, Koniag divested its interest in LW Inc. and returned its ownership stake to the management of LW Inc. At this time, Appellant was the largest single shareholder and also held an employment contract with LW Inc. which entitled him to royalties on his inventions and various other benefits including a penalty for early termination.

In 2006, Appellant was terminated by LW Inc. LW Inc. accused Appellant of embezzlement, had Appellant arrested on those charges, and sought his deportation from the United States. LW Inc. employees broke into his home and purloined his employment contract to prevent him from challenging the termination.

In 2008, Appellant's application for permanent residency was accepted and he was removed from deportation proceedings in 2010. Appellant has a job offer waiting for him in the United States but because he does not yet have work authorization under his permanent residency, he is presently unemployed. Because of the continuing uncertainty of his immigration status, he has not been able to receive any financial benefit from the revenues generated by his inventions for LW Ltd. or LW Inc.

Appellant has a number of outstanding liabilities. Appellant purchased a home in 2003. Following the housing market crash in the late 2000's, the debt on Appellant's home exceeded the equity in the property and Appellant has been unable to reduce his adjustable rate mortgage.

Additionally, in 2015, Appellant was named in two lawsuits brought against his prospective employer. Appellant avers that he is neither an owner nor employee of the company. Nevertheless, a $4 million default judgment was entered against Appellant and the prospective employer in the Circuit Court of Henrico County, Virginia.

In 2016, Appellant filed suit against his former employer, LW Inc., for patent infringement and failure to pay royalties. The suit seeks damages in excess of $5 million. Appellant expresses the intent to file a suit against the attorneys he retained to contest the action in the Circuit Court of Virginia which resulted in the $4 million judgment against him.

B. **Procedural History**

Appellant filed a Chapter 11 voluntary petition with the United States Bankruptcy Court for the Eastern District of Virginia on November 7, 2016. Appellant requested leave to pay the application fee for the petition in installments. That request was granted with payment to be made over three installments. On December 13, 2016, the bankruptcy case was dismissed without prejudice pursuant to the local rules of the Bankruptcy Court because Appellant had failed to pay the necessary filing fee installments. Appellant moved to vacate the order dismissing his case. A hearing was conducted in the matter on January 17, 2017.

By the date of the hearing, Appellant had paid all of the necessary fees and advised the Bankruptcy Court that the reason for the belated payment was due to illness and an accident. At the hearing, the Bankruptcy Court observed that, even before the case was dismissed for failure to pay the fees, the Bankruptcy Court set the matter for a status hearing because Appellant had filed three prior Chapter 13 bankruptcy petitions, none of which resulted in a discharge of debt. Further, the Bankruptcy Court noted that Appellant was unemployed and had a monthly net income of negative $628. On the basis of these findings, the Bankruptcy Court expressed

concern that the Chapter 11 case would be futile because there is no means by which Appellant could reorganize his finances through the bankruptcy process. Appellant replied that he had pending employment anticipated by February 2017 and had a number of lawsuits pending in federal court in Maryland for which he expected to receive substantial recovery. Those lawsuits were at the motion to dismiss phase in January 2017.

B Distributing, LLC appeared at the hearing to oppose the reopening of Appellant's Chapter 11 petition. B Distributing, LLC opposed the reopening because it was pursuing a suit against Appellant in the Circuit Court of Henrico County alleging that Appellant had fraudulently transferred a patent to a phony buyer. The Henrico County Circuit Court found in favor of B Distributing in the time between the dismissal of Appellant's bankruptcy case and the January 17 hearing and B Distributing expressed concern that a reopening of the case would impose an automatic stay on the collection of its judgment against Appellant in Henrico County Circuit Court. B Distributing did not oppose Appellant having the right to file a new Chapter 11 petition sometime in the future.

Ultimately, the Court found that, while belatedly paying a filing fee is just an administrative matter which would not ordinarily preclude reopening a Chapter 11 petition; Appellant's petition would not be reopened because it would be an exercise in futility. Specifically, the petition would be futile because Appellant's prospective employment was not an adequate basis to proceed in Chapter 11 and recovery in the pending litigation in Maryland was speculative and an inadequate basis for reorganization. For these reasons, the Bankruptcy Court denied the motion to vacate.

Appellant has timely appealed to this Court arguing that the Bankruptcy Court misapplied the law in determining that Appellant's Chapter 11 petition would be futile. No party has filed an opposition to the appeal.

## II. LEGAL STANDARD

The Court reviews the Bankruptcy Court's legal conclusions *de novo* and factual findings for clear error. *See, e.g., IRS v. White*, 487 F.3d 199, 204 (4th Cir. 2007). "Any mixed questions of law and fact are also reviewed de novo." *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003). Findings of a bankruptcy judge are afforded the same weight given to a district judge under Rule 52 of the Federal Rules of Civil Procedure so questions of a purely factual nature are subject to review under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *see also Easley v. Cromartie*, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001).

## III. DISCUSSION

Appellant contends that the Bankruptcy Court misapplied the law of the Fourth Circuit Court of Appeals in dismissing his petition. Specifically, Appellant submits that the Bankruptcy Court did not make a required finding of bad faith as required by this Court pursuant to *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989), and imposed an improper presumption of futility to the petition before dismissal.

In *Carolin Corp.*, the Fourth Circuit recognized the implicit power of the Bankruptcy Court to dismiss a Chapter 11 petition at the outset of bankruptcy proceedings pursuant to § 1112(b) of the Bankruptcy Code. *Id.* at 698. The Court announced a "stringent test of

5

justification for threshold denials of Chapter 11 relief" requiring a showing of objective futility of the petition and subjective bad faith of the filer because "it is better to risk the wastefulness of a probably futile but good faith effort to reorganize than it is to risk error in prejudging its futility at the threshold." *Id.* at 701. The objective futility inquiry "concentrate[s] on assessing whether 'there is no going concern to preserve . . . and . . . no hope of rehabilitation, except according to the debtor's terminal euphora.' " *Id.* (quoting *In re Little Creek Development Co.*, 779 F.2d 1068, 1073 (5th Cir.1986)). The determination of subjective bad faith is based on a totality of the circumstances, any conceivable list of factors is not exhaustive, and there is no single factor necessary to find bad faith. *Id.*

Appellant's reliance on *Carolin Corp.* is misplaced. *Carolin Corp.* concerned the Bankruptcy Court's dismissal of a petition for bad faith filing in response to a counterparty motion to dismiss. *Id.* at 696. By contrast, Appellant's Chapter 11 filing was already dismissed for failure to pay the filing fee and Appellant sought to vacate that decision. *See* Dkt. No. 2-1 at 4 (reflecting dismissal pursuant to local bankruptcy rule on December 13, 2016 on the bankruptcy docket sheet). Pursuant to the local rules of the Bankruptcy Court, failure to pay the filing fee is a sufficient, independent basis for dismissing a Chapter 11 petition. E.D. Va. Bankr. Ct. Local Rule 1006-1(c)(1) ("If a petition, complaint or other document is not accompanied by the proper filing fee . . . the Clerk shall give notice to cure . . . [u]nless the fee is paid or the party requests a hearing on the matter by the close of business on the next day after the notice to cure is given, the Clerk shall dismiss the petition . . . without further notice.") (as applicable on Dec. 1, 2016). Since the petition had been dismissed for failure to pay the required fees, Appellant bore the burden, in his motion to vacate, to show that vacatur was unwarranted and the reorganization should be allowed to proceed. *See* Fed. R. Bankr. P. 9024 ("Rule 60 F. R. Civ. P.

applies in cases under the Code"); *see also In re McCain*, 353 B.R. 452 (Bankr. E.D. Va. 2006) ("Under the standard established by the Fourth Circuit, because the Plaintiff's actions caused the default judgment to be entered against her, she 'must adequately defend [her] conduct in order to show excusable neglect.' ") (quoting *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir.1997)). On review of Appellant's motion, the Bankruptcy Court determined that the reorganization would be futile and Appellant did not meet his burden to vacate the prior dismissal. Because Appellant bore the burden to vacate the dismissal, the Bankruptcy Court was not obliged to make affirmative findings of subjective bad faith and objective futility.

## IV. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is **AFFIRMED** and the appeal is **DISMISSED**.

An appropriate order shall issue.

August 14, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge